**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DANIEL LALOWSKI,** | |
| **Plaintiff,** | **Case No. 10 C 1928** |
| **v.** | **Hon. Harry D. Leinenweber** |
| **CORINTHIAN SCHOOLS, INC. and CORINTHIAN COLLEGES, INC.,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Daniel Lalowski's Bill of Costs.  For the reasons stated herein, the Court awards Plaintiff the sum of $3,207.95 in costs.

## I.  BACKGROUND

After a two-day trial, a jury returned a verdict in favor of Plaintiff Daniel Lalowski (hereinafter, the "Plaintiff" or "Lalowski") on his Title IX retaliation claim against Defendants Corinthian Schools, Inc. and Corinthian Colleges, Inc. (hereinafter, collectively, the "Defendants" or "Corinthian"). On April 26, 2013, the Court granted in part and denied in part Plaintiff's Motion for Post-Verdict Relief.  On May 23, 2013, Plaintiff filed his Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  The Court granted Defendants until

June 27, 2013 to object to the reasonableness of those costs, but Defendants chose not to do so.

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that, "costs—other than attorneys' fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).  However, it is well established that a "district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007).  The list of recoverable costs authorized under 28 U.S.C. § 1920 include:

(1)  Fees of the clerk and marshal;

(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)  Docket fees  . . . ; [and]

(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. . . .

28 U.S.C. § 1920.

However, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v.*

*Mitsubishi Motors N. Am.,* 514 F.3d 699, 702 (7th Cir. 2008). "[A] party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.,* 570 F.3d 890, 906 (7th Cir. 2009). After the prevailing party establishes that the particular costs should be allowed, "the losing party then bears the burden of affirmatively showing that the taxed costs are not appropriate." *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F.Supp.2d 939, 944 (N.D. Ill. 2012) (citations omitted). Ultimately, it is within the Court's discretion on whether to award costs. *Id.*

### III.  **ANALYSIS**

Plaintiff seeks an award of costs in the amount of $3,207.95. He seeks $350.00 in fees from of the Clerk; $365.00 in fees for service of summons and subpoena; $2,086.15 in transcript fees; $237.00 for fees for witnesses; and $169.80 for copy costs.

### A.  **Fees from the Clerk**

Plaintiff seeks $350.00 in fees of the Clerk. This amount reflects Plaintiff's filing fee. *See* ECF No. 4. The Court finds this permissible pursuant to 28 U.S.C. § 1920(1) and accordingly awards the fee.

### B. Fees for Service of Summons and Subpoena

Plaintiff seeks $365.00 in fees for service of summons and subpoenas. He has provided invoices for the subpoenas of Amber Stenbeck, Stanley Lofton, and Jennifer Paugh. A prevailing party is entitled to costs for service of subpoenas pursuant to 28 U.S.C. § 1920(1) so long as such subpoenas are both "reasonable and necessary" to the case. *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). Defendants have not objected to the reasonableness of such costs, and the Court finds the documentation provided sufficient to warrant an award. *See, e.g.*, *Bratton v. Thomas Law Firm, PC,* --- F.Supp.2d ---, No.1:12-CV-169-TLS, 2013 WL 1891364 at *12 (N.D. Ind. May 3, 2013) (finding a $75 fee for formal service of process was both reasonable and necessary to the litigation).

### C. Transcript Fees

Plaintiff seeks $2,086.15 in transcript fees. He has provided invoices which reflect the aforementioned amount. Under 28 U.S.C. § 1920(2), the Court is permitted to award the prevailing party costs for the disbursements of transcripts that are "necessarily obtained for use in the case." *Trading Technology Intern., Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 975 (N.D. Ill. 2010). However, recovery is limited by Local Rule 54.1(b) and the copy rate established by the Judicial

Conference of the United States at the time the deposition was taken. *See* L.R. 54.1(b). After reviewing the invoices Plaintiff has submitted, the Court finds the fees permissible. As such, the Court awards $2,086.15 in transcript fees.

### D. Witness Fees

Plaintiff seeks $237.00 in witness fees. The fees are for Jeffrey Jarmes, Michelle McCormack, and Zaida Portalatin's presence at trial and depositions. Pursuant to 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee and compensation for mileage traveled. *See, Hernandez-Martinez v. Chipotle Mexican Grill, Inc.*, 11 C 4990, 2013 WL 2384251 at *4 (N.D. Ill. May 30, 2013). Such costs are recoverable for a prevailing party under 28 U.S.C. § 1920. Plaintiff has provided copies of the checks issued to all three witnesses. The Court finds this documentation sufficient and awards these costs.

### E. Copy Costs

Plaintiff seeks $169.80 in copying costs. He provides a list of those documents for which he seeks compensation and claims the rate paid was $.15 per page. Under 28 U.S.C. § 1920(4), the Court may award photocopy costs only for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). After reviewing Plaintiff's documentation the Court finds it both sufficient and reasonable and awards such costs.

- 5 -

*See Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc.,* No. 09-CV-7231, 2013 WL 147014 at *7 (N.D. Ill. Jan. 11, 2013) (finding an award of copying costs appropriate where the prevailing party identified the "nature of each document copied, the number of copies of each document prepared, the copying cost per page, and the total copying cost.").

### IV. <u>CONCLUSION</u>

For the reasons stated herein, the Court awards Plaintiff costs in the amount of $3,207.95.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: July 18, 2013